CLINTON SMULLYAN ASSOCIATES *v.* UNITED STATES (No. 4533)[1]

---

[1] C. A. D. 863.

United States Court of Customs and Patent Appeals, May 20, 1947

*Jordan & Klingaman* (*J. L. Klingaman* of counsel) for appellant.
*Paul P. Rao*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, and *Richard E. FitzGibbon*, special attorneys, of counsel), for the United States.

[Oral argument April 1, 1947, by Mr. J. L. Klingaman and Mr. FitzGibbon]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, C. D. 948, holding that so-called "duress entries" filed under the provisions of section 503 (b) of the Tariff Act of 1930, signed in *typewriting* by the importer, were not properly certified as required by section 503 (b), *supra*, the court holding that in order to certify that the merchandise was entered at a higher value than that defined in the tariff act applicable thereto it was necessary that the importer or its agent attach a *handwritten* signature to the so-called "duress entries."

It is not argued here that the contentions of the importer in the pending cases, which were cited in the so-called "duress entries," were not sustained wholly or in part by a final decision on reappraisement or re-reappraisement.

The provisions of section 503 (b) of the Tariff Act of 1930, under which the so-called "duress entries" were filed, reads as follows:

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

Although the collector was fully informed, as appears from the record, that the pending cases on appeal for reappraisement or re-reappraisement were correctly set forth in the so-called "duress entries," and that he was fully aware of the claims made by the importer, it was, nevertheless, held by the United States Customs Court that as the importer failed to sign the "duress entries" other than by a typewritten signature, they were not in proper form and did not comply with the provisions of section 503 (b), *supra*. In so

holding, the trial court quoted the third definition of the term "certify" from Funk & Wagnalls New Standard Dictionary as follows:

3. To testify to in writing; give a certificate of; make a declaration about in writing, under hand, or hand and seal; * * *

The court, however, did not quote the broader definitions given in that authority.

It may be said at this point that the matter which is of the utmost importance is that the collector be notified of the test cases to which the so-called "duress entries" refer, as required by our decisions in the cases of *M. Bernstein* v. *United States*, 18 C. C. P. A. (Customs) 193, T. D. 44379; *Basser's Silk Co.* v. *United States*, 23 C. C. P. A. (Customs) 141, T. D. 48008; *Nippon Dry Goods Co.* v. *United States*, 27 C. C. P. A. (Customs) 277, C. A. D. 100. Those decisions have no further bearing on the issues in the instant case.

Although it is true that the so-called "duress entries" might well have been signed by a member of the importing firm, it is clear that the collector was fully informed as to the issues presented by the typewritten signatures, and as the statute itself does not require that the certification shall bear the personal signature of the importer, we are of the opinion that the importer's typewritten signature is sufficient to call the collector's attention to the pending cases then on appeal.

Furthermore, it may be said that the consumption entry in the instant case which bore a typewritten signature, as well as a signature of a member of the firm, called attention to the fact that the entered values of the merchandise were higher than the dutiable values and that the entered values were made to meet advances by the appraiser in similar cases then pending for reappraisement.

It is true that in many instances a certification must be signed by a party, but in nearly all of those instances such signature of the persons so certifying is required by statute. The cases are so numerous that it is unnecessary that we cite them here.

As early as 1908, in the case of *Fritzsche Brothers* v. *United States*, T. D. 29359, 16 Treas. Dec. 331, it was held by the Board of General Appraisers (now the United States Customs Court), following the decisions of the courts therein referred to, that under the tariff act of 1897 it was unnecessary that more than the importer's typewritten signature attached to a protest was required in order to comply with section 14 of the customs administrative act of 1890. The language therein interpreted is present in section 514 of the Tariff Act of 1930. That decision has never been overruled and presumably has been approved by the Congress.

We can see no more reason for attaching a handwritten signature to a so-called "duress entry" than attaching a handwritten signature to a protest (although the term "certifies" does not appear in the protest statute) in view of the fact that the collector, by a typewritten

signature, is fully informed as to the issues presented by a "duress entry." We are constrained, therefore, to disagree with the conclusion reached by the trial court.

For the reasons stated, the judgment is *reversed* and the cause *remanded* for proceedings consistent with the views herein expressed.